IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY MARTIN CASAREZ, 31346-177, ) | | |
|     MOVANT, | ) | |
| | ) | 3:04-CR-018-G(2) |
| v. | ) | 3:05-CV-1450-G |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | |
|     RESPONDENT. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural Background**

On July 20, 2004, Movant pled guilty to (1) theft of mail, money or other property by use of a deadly weapon, in violation of 18 U.S.C. § 2114, and (2) using, carrying, and brandishing a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Movant was sentenced to a total of 471 months confinement. He did not appeal his conviction.

On July 13, 2005, Movant filed this motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. He states his conviction and sentence are unlawful under *United*

*States v. Booker*, 543 U.S. 220 (2005).¹  He also argues he received ineffective assistance of counsel.

## II. Discussion

The Fifth Circuit Court of Appeals has squarely held that *Booker* does not apply retroactively on collateral review to a first § 2255 motion.  *See United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005).  Thus, *Booker* does not provide a basis for relief to a defendant, such as the one in this case, whose conviction became final before the case was decided.  *Id*. at 603-04 & n.2.  Accordingly, Movant's claim pursuant to *Booker* should be denied.

Additionally, Movant's claim of ineffective assistance of counsel is wholly conclusory. Movant states: "Counsel was ineffective during the Plea Agreement/ (sic) of the Proceedings." (Pet. at 7).  Movant does not state how his counsel was ineffective.  Movant's conclusory allegations fail to establish that he is entitled to relief.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).  Movant's motion pursuant to 28 U.S.C. § 2255 should be denied.

---

¹In *Booker*, the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and reaffirmed in *Blakely v. Washington*, 542 U.S. 296 (2004), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Booker*, 543 U.S. at 244; *see also, Padilla v. United States*, 416 F.3d 424, 426 n.1 (5th Cir. 200).  The *Booker* Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only.  *Booker*, 543 U.S. at 245.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 15th day of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).